# DAVIS *vs.* CLOUGH.

A declaration in an action for maliciously commencing a suit against the plaintiff where nothing was due should allege that fact, or in some terms set forth substantially a want of probable cause, and that the suit is terminated.

In an action for maliciously suing out process for a larger sum than was due to the creditor, in order thereby to oppress the plaintiff and require him to obtain bail in a greater amount, the declaration ought to set forth the sum actually due, or aver that it was not beyond a certain sum.

CASE. The declaration alleged that the defendant, at, &c.,

" maliciously intending to oppress, injure, and imprison the plaintiff," purchased out of the clerk's office a writ, (which it set forth at large,) and afterwards, on, &c., " caused the plaintiff, by force of the same writ, to be arrested, and for want of sufficient bail to the same writ, which the plaintiff could not obtain, to be committed, &c., to our gaol," &c., " where the plaintiff was detained for the space of twelve ' days; and the plaintiff in fact says that the said Clough pro- ' cured and prosecuted his said writ against the plaintiff for the ' purpose of oppressing the plaintiff, and holding him to bail for ' a much larger sum than was due from the plaintiff to said ' Clough; and was guided in the premises by wanton malice ' and a desire to oppress and injure and defraud the plaintiff; ' and that if said Clough had only prosecuted his writ afore- ' said for what was due from the plaintiff to said Clough, he ' could have procured good and sufficient bail to such a writ ' of the said Clough against the plaintiff."

The defendant demurred specially, and assigned, among others, the following causes, viz :

1. That it was not alleged that the arrest was made without just and sufficient cause.

2. That the declaration did not set forth what sum was due and owing from said Davis to said Clough, for which his action was brought.

3. That it was not alleged that said action has ever been in any way terminated.

Joinder in demurrer.

*S. Fletcher*, and *Kent & Hutchins*, for the defendant, cited 2 *Chitty's Pl.* 246, *note e ;* 1 *Salk.* 15, *Robins* vs. *Robins ; Doug.* 215, *Fisher* vs. *Bristow ;* 1 *Esp. Rep.* 80, *Kirk* vs. *French ;* 4 *Burr.* 1974, *Farmer* vs. *Darling ; Com. Dig.*, *Action on the case for a conspiracy, C.* 5 ; 1 *Gwil. Bac.* 95.

*Bartlett*, and *D. Steele, Jr.*, for the plaintiff.

PARKER, J. The grievance stated in the plaintiff's declaration is, that the defendant, maliciously intending to oppress and imprison him, purchased out a certain writ from the office of the clerk, and caused the plaintiff to be arrested, and for want of sufficient bail, to be committed to prison, and there detained;—that this was done for the purpose of holding him to bail for a much larger sum than was due from the plaintiff,—and that the defendant acted from malice, and a design to oppress and defraud.

It is not alleged that the defendant had not a legal demand against the plaintiff, or that he had not a lawful right to commence a suit in the court to which the writ was returnable, or that the plaintiff might not have been lawfully imprisoned on the demand which the defendant held against him. Nor is it stated that any certain sum was due, so that the excess might appear, or that the plaintiff was not indebted beyond a certain sum. Nor does it appear from the declaration that the action is terminated.

It seems to be well settled, that in order to sustain an action for a malicious prosecution, the declaration should set forth that the former suit is determined. 1 *Saund.* 228, *b*, *note;* 2 *Chitty's Pl.* 299, *note d; Hobart's Rep.* 267, *a*, *Waterer* vs. *Freeman; Gilb. Cases in Law and Equity*, 214, *Jones* vs. *Givin;* 1 *Esp.* 80, *Kirk* vs. *French; Doug.* 215, *Fisher* vs. *Bristow;* 2 *D. & E.* 225, *Morgan* vs. *Hughes.* And if there was no debt, the better opinion is that the declaration should allege that fact, or in some terms set forth, substantially, a want of probable cause. *Metcalf's Yelverton,* 105, *a*, *note* 2; 2 *Wils.* 302, *Goslin* vs. *Wilcock;* 2 *Chitty's Pl.* 298, *note y;* 1 *D. & E.* 544, *Johnstone* vs. *Sutton;* 4 *Mass.* 435, *White* vs. *Dingley;* 3 *Day's Rep.* 432, *Starling* vs. *Adams.* Contra—*Gilb. Cas.* 189; 2 *Wils.* 147, *Chapman* vs. *Pickersgill.*

It may be understood, however, that in this case something was due, and that this is intended as an action for maliciously suing out a writ for a larger sum than was due to

the creditor, when something was in fact due, and requiring him to procure bail to answer for such larger sum.　But it is not sufficient to state, in general terms, that the defendant maliciously purchased a writ for the purpose of holding the plaintiff to bail for a larger sum than was due to him. The declaration in such case should allege how much was due, or aver that there was no probable cause of action beyond a certain amount, and then set forth the process which the defendant maliciously purchased.　1 *Salk.* 14, *Savil* vs. *Roberts ;* 2 *Wils. Rep.* 376, *Smith* vs. *Cattel ;* 1 *Camp. Rep.* 295, *Wetherden* vs. *Embden ;* 3 *Barn. & Cres.* 139, *Austin* vs. *Debnam ;* 1 *Ld. Raym.* 503, *Robbins* vs. *Robbins.*　And it is said in some books that such declaration, also, should show that the suit was terminated.　1 *Salk.* 15, *S. C. ;* 2 *Chitty's Pl.* 294, *note e.*

Considered either as an action for a malicious prosecution of a suit when nothing was in fact due, or as a suit for maliciously holding to bail in an excessive sum, the declaration is insufficient, and the demurrer well taken

*Judgment for the defendant.*